J-A16024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARLOS SEBASTIAN | |
| Appellant | No. 1962 MDA 2019 |

Appeal from the Judgment of Sentence Entered August 22, 2019
In the Court of Common Pleas of Adams County
Criminal Division at No.: CP-01-CR-0000264-2019

BEFORE:  PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 14, 2020**

Appellant, Carlos Sebastian, appeals from the August 22, 2019 judgment of sentence entered in the Court of Common Pleas of Adams County ("trial court"), following his jury convictions of multiple counts of sexual assault against his step-daughter.  Upon review, we affirm.

The facts and procedural history of this case are uncontested.  As recounted by the trial court:

> Testimony developed at the jury trial held on June 6, 2019 revealed the following events occurred.  Minor Victim N.M.F. (Hereinafter "Minor Victim") testified she is 15 years old, her birthday is December 5, 2003, and during the timeframe in question she lived at her mother's residence at 8 East George Street in New Oxford, Adams County, Pennsylvania, with her mother, two brothers, and her step-father, Appellant.
>
> Minor Victim testified that she and Appellant are not married and Appellant sexually assaulted her on numerous occasions, beginning when she was 11 years old and ending when she was 13 years old.  The sexual assaults included both vaginal

intercourse and oral sex. The first sexual assault occurred when Minor Victim was 11 and Minor Victim was watching television in the room she shared with her mother and Appellant. Appellant rubbed Minor Victim's shoulders and asked her to go downstairs with him. Minor Victim followed Appellant to the living room. Minor Victim testified Appellant and Minor Victim had sex on the living room couch. Minor Victim testified Appellant took his and Minor Victim's clothes off and Appellant's penis touched the inside of her vagina. Minor Victim testified the sex lasted longer than a minute and ended when Appellant ejaculated.

Minor Victim testified Appellant had vaginal intercourse with her multiple times in several different locations throughout the house, including the living room, older brother's room, and in the bedroom she shared with her little brother, mother, and Appellant. Minor Victim testified Appellant had sex with her on the living room couch more than ten times, on the couch in her brother's room more than ten times, and in the shared bedroom more than ten times. Minor Victim testified the last time Appellant sexually abused her was when she was 13 years old and it occurred in her older brother's room. Minor Victim testified she was in the living room when [Appellant] motioned for her to follow him up the stairs. Minor Victim went upstairs and Appellant engaged in oral sex with Minor Victim by putting his mouth and tongue in her vaginal area. Minor Victim testified Appellant and Minor Victim had engaged in oral sex over twenty times prior to this last occurrence. Minor Victim testified Appellant would give her money after engaging in sexual acts with her, ranging from five to twenty dollars, and Appellant would permit her to go places, like a friend's house, in exchange for the sexual acts.

Trial Court Opinion, 1/3/20, at 1-2. On June 6, 2019, a jury convicted Appellant of rape of a child, involuntary deviate sexual intercourse ("IDSI") with a child, IDSI with a person less than 16 years of age, statutory sexual assault, unlawful contact with a minor, and corruption of a minor.[1] On August

_____

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3123(a)(7), 3122.1(b), 6318(a)(1), and 6301(a)(1)(ii), respectively.

22, 2019, the trial court sentenced him to an aggregate term of 18 to 36 years in prison.[2] Appellant filed post-sentence motions, which he later amended on October 30, 2019. On November 21, 2019, the trial court granted in part and denied in part Appellant's post-sentence motion.[3] Appellant timely appealed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising five assertions of error spanning 13 pages. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant presents the following issues for our review, which we reproduce here verbatim.

> [I.] WHETHER THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUSTAIN THE GUILTY VERDICTS OF RAPE OF A CHILD AND THE OTHER SEXUAL OFFENSES FOR SEVERAL REASONS, INCLUDING THAT THE PROSECUTRIX'S TESTIMONY WAS INHERENTLY UNRELIABLE, CONTRADICTORY, CONFLICTING AND AT ODDS WITH THE PHYSICAL EVIDENCE SUCH THAT GUILTY VERDICTS BASED UPON IT CAN AMOUNT TO NO MORE THAN SURMISE AND CONJECTURE?
>
> [II.] WHETHER THE JURY'S GUILTY VERDICTS FOR RAPE OF A CHILD AND THE OTHER SEXUAL OFFENSES WERE AGAINST THE WEIGHT OF THE EVIDENCE AND WERE SHOCKING TO THE JUDICIAL CONSCIENCE FOR SEVERAL REASONS, INCLUDING THAT THE PROSECUTRIX'S TESTIMONY WAS INHERENTLY UNRELIABLE, CONTRADICTORY, CONFLICTING AND AT ODDS WITH THE PHYSICAL EVIDENCE SUCH THAT GUILTY VERDICTS

---

[2] Appellant was sentenced to 10 to 20 years for rape of a child and a consecutive sentence of 8 to 16 years for IDSI with child.

[3] The motion was granted to the extent the trial court failed to merge for sentencing purposes IDSI with a child and IDSI with a person less than 16 years of age.

BASED UPON IT CAN AMOUNT TO NO MORE THAN SURMISE AND CONJECTURE?

[III.] WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED BY SUSTAINING THE PROSECUTOR'S OBJECTION TO THE ANSWER OF THE PROSECUTRIX'S MOTHER IN WHICH SHE CHARACTERIZED HER DAUGHTER (THE PROSECUTRIX) AS A LIAR, WHICH NEGATIVE REPUTATION EVIDENCE IN THE COMMUNITY WAS HIGHLY RELEVANT AND ADMISSIBLE (AND TRIAL COUNSEL FAILED TO DEVELOP THIS TESTIMONY AND OFFER PROOF THEREOF AT TRIAL AND THE TRIAL COURT ERRED IN REFUSING TO CONSIDER THIS INEFFECTIVENESS CLAIM ON THE MERITS)?

[IV.] WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ESTABLISH AND EXPLOIT CONTRADICTIONS IN THE COMPLAINANT'S TESTIMONY AT TRIAL AND THE TRIAL COURT ERRED IN REFUSING TO CONSIDER THIS INEFFECTIVENESS CLAIM ON THE MERITS?

[V.] WHETHER THE, TRIAL COURT ABUSED ITS DISCRETION AND ERRED BY SUSTAINING THE PROSECUTOR'S OBJECTION TO THE ANSWER OF APPELLANT WHEN HE WAS ASKED TO EXPLAIN HIS DISCIPLINING THE COMPLAINANT (AND FURTHER TO THE EXTENT THAT THIS ISSUE WAS NOT ADEQUATELY ADDRESSED BY TRIAL COUNSEL, TRIAL COUNSEL WAS INEFFECTIVE AND THE TRIAL COURT ERRED IN REFUSING TO CONSIDER THIS CLAIM ON THE MERITS)?

[VI.] WHETHER THE SENTENCING COURT ABUSED ITS DISCRETION AND IMPOSED A MANIFESTLY EXCESSIVE SENTENCE AND TOO HARSH A PUNISHMENT BY SENTENCING APPELLANT TO AN AGGREGATE SENTENCE OF 18 TO 36 YEARS OF IMPRISONMENT DESPITE THE FACT THAT THE COMMONWEALTH ITSELF (AND THE DEFENSE) HAD ASKED THAT THE COURT IMPOSE ONLY THE 10-YEAR MANDATORY MINIMUM SENTENCE FOR RAPE OF CHILD, WHICH RECOMMENDATION THE COURT WRONGLY DISREGARDED?

Appellant's Brief at 10-11.  We address them in turn.

Preliminarily, we point out that Appellant's first two issues are related, as they implicate the weight, rather than the sufficiency, of the evidence.[4] Here, Appellant argues that the principal evidence against him at trial—the testimony of Minor Victim—was unreliable, contradictory and at odds with the physical evidence. In other words, Appellant essentially attacks the jury's weight and credibility determination, and invites us to accept his proffered version of the facts. We decline the invitation. It is settled that we may not substitute our judgment for that of the factfinder—whether a jury or the trial court—because it is the province of the factfinder to assess the credibility of the witnesses and evidence. *See Commonwealth v. DeJesus*, 860 A.2d 102, 107 (Pa. 2004); *Commonwealth v. Johnson*, 668 A.2d 97, 101 (Pa. 1995) ("an appellate court is barred from substituting its judgment for that of

---

[4] As this Court has explained:

> On this issue, our role is not to consider the underlying question of whether the verdict was against the weight of the evidence. Rather, we are to decide if the trial court palpably abused its discretion when ruling on the weight claim. When doing so, we keep in mind that the initial determination regarding the weight of the evidence was for the factfinder. The factfinder was free to believe all, some or none of the evidence. Additionally, a court must not reverse a verdict based on a weight claim unless that verdict was so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Habay*, 934 A.2d 732, 736-37 (Pa. Super. 2007) (internal citations omitted), *appeal denied*, 954 A.2d 575 (Pa. 2008). "[A] trial court's denial of a post-sentence motion 'based on a weight of the evidence claim is the least assailable of its rulings.'" *Commonwealth v. Sanders*, 42 A.3d 325, 331 (Pa. Super. 2012) (quoting *Commonwealth v. Diggs*, 949 A.2d 873, 880 (Pa. 2008)).

- 5 -

the finder of fact."); ***Commonwealth v. Forbes***, 867 A.2d 1268, 1273 (Pa. Super. 2005) (stating that "[t]he weight of the evidence is exclusively for the finder of fact[,] who is free to believe all, part, or none of the evidence and to determine the credibility of witnesses. An appellate court cannot substitute its judgment for that for the finder of fact."). Moreover, it is settled that the uncorroborated testimony of a sexual assault victim, if believed, alone is sufficient to support a sex offense conviction. ***See Commonwealth v. Izurieta***, 171 A.3d 803, 807 (Pa. Super. 2017); ***see also*** 18 Pa.C.S.A. § 3106 ("The credibility of a complainant of an offense under this chapter shall be determined by the same standard as is the credibility of a complainant of any other crime . . . . [and it] need not be corroborated in prosecutions under this chapter."). Here, in convicting Appellant of the various sex crimes, the jury chose to believe the testimony of Minor Victim. Thus, Appellant is not entitled to relief.

We next address Appellant's third and fifth issues because they implicate the trial court's evidentiary rulings. It is settled:

> [a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

***Commonwealth v. Tyson***, 119 A.3d 353, 357-58 (Pa. Super. 2015) (internal citations omitted). Moreover, an appellant bears a "heavy burden" to show

that the trial court has abused its discretion. ***Commonwealth v. Christine***, 125 A.3d 394, 398 (Pa. 2015). "[A]n appellate court may affirm a valid judgment based on any reason appearing as of record, regardless of whether it is raised by appellee." ***Commonwealth v. Moore***, 937 A.2d 1062, 1073 (Pa. 2007) (citation omitted).

In his third issue, Appellant argues that the trial court abused its discretion in excluding the introduction of negative reputation evidence proffered by Minor Victim's mother against Minor Victim. Specifically, the trial transcript reveals the following exchange.

> Q. So if [Minor Victim] were to spend money, would you be aware of her spending money?
>
> A. If it was done behind my back then I wouldn't know, no.
>
> Q. Would you be aware if she brought things into the home that she had purchased?
>
> A. Yes. I would be aware if I would see it, yes.
>
> Q. And would you inquire as to the source of the funding for those matters, for those things?
>
> A. I would ask where she got it from or who gave it to her.
>
> Q. Did you ever have a time that you are aware of that [Minor Victim] purchased something that you did not know where she got the money?
>
> A. There was times, yes, but she wouldn't never tell the truth about it. ***She lies***.
>
> ATTORNEY MARGETAS: Objection, Your Honor. I'm going to ask that that –
>
> THE COURT: Sustained. The jury will disregard that answer please.

N.T. Trial, 6/6/19, at 109 (emphasis added).

Here, as the foregoing excerpt from the trial transcript indicates, the Commonwealth timely objected to mother's opinion testimony that Minor Victim lies. Pa.R.E. 103(a) provides:

A party may claim error in a ruling to admit or exclude evidence only:

(1) if the ruling admits evidence, a party, on the record:

(A) makes a timely objection . . .; and

(B) states the specific ground, unless it was apparent from the context; or

(2) if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context.").

Pa.R.E. 103(a). It was apparent from the record that the basis for the Commonwealth's objection was anchored in Pa.R.E. 608(a). Appellant claims that the trial court abused its discretion under Rule 608(a) by disallowing Minor Victim's mother from testifying about Minor Victim's reputation for truthfulness. Rule 608 provides in pertinent part:

A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked. ***Opinion testimony about the witness's character for truthfulness or untruthfulness is not admissible***.

Pa.R.E. 608(a) (emphasis added). The comment accompanying Rule 608 further highlights that "[u]nder Pa.R.E. 608(a), opinion testimony is not admissible." *Id.*, *cmt.*

Instantly, based upon our review of the record, we cannot conclude that the trial court abused its discretion. As the trial court reasoned:

> It is clear that, in the context of the question, the statement made by [Minor Victim's mother] that '[Minor Victim] lies' is [Minor Victim's mother's] opinion and therefore inadmissible. The witness did not testify concerning Minor Victim's reputation for untruthfulness in the community, but rather attempted to testify concerning specific acts of untruthfulness. As such, this testimony is inadmissible and Appellant's claim is meritless.

Trial Court Opinion, 1/3/20, at 8. Accordingly, Appellant is due no relief.[5]

We now turn to Appellant's fifth issue. Appellant argues that the trial court abused its discretion in disallowing Appellant from testifying about his disciplining Minor Victim. The trial transcript reveals the following:

> Q. Now, in your relationship in the home with [Minor Victim], did you ever scold her or discipline her?
>
> A. I didn't like scold her, but when she did things on her cell phone, she would do **all sorts of bad things. Like for example** –
>
> ATTORNEY MARGETAS: Objection, Your Honor.
>
> THE COURT: Sustained.

N.T., Trial, 6/6/19, at 123 (emphasis added).

---

[5] To the extent Appellant asserts an ineffectiveness claim predicated on trial counsel's failure to advance additional reasons for why the trial court should not have sustained the Commonwealth's objection to mother's testimony or trial counsel's failure to make an offer of proof at trial, such claim may be pursued without prejudice on collateral review, as explained *infra*.

Here, again, it is clear on the face of the record that the Commonwealth asserted an objected under Pa.R.E. 404(b), relating to prior bad acts. *See* Pa.R.E. 103(a). Appellant, however, argues that "[t]his was an entirely proper line of questioning designed to probe for indications of bias, motivation to implicate falsely, etc. on the part of [Minor Victim]." Appellant's Brief at 58. Rule 404(b), relating to character evidence, crimes and other acts, provides in relevant part:

> *(1) Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> *(2) Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.
>
> *(3) Notice in a Criminal Case.* In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404(b)(1), (2), and (3). In addition, other crimes evidence is admissible "where the acts were part of a chain or sequence of events that formed the history of the case and were part of its natural development." ***Commonwealth v. Green***, 76 A.3d 575, 583 (Pa. Super. 2014), ***appeal denied***, 87 A.3d 318 (Pa. 2014). When offered for one of these legitimate purposes, prior bad act evidence is admissible if its probative value outweighs its potential for "unfair prejudice." ***Commonwealth v. Hairston***, 84 A.3d

657 (Pa. 2014); *see also* Pa.R.E. 404(b)(3). Unfair prejudice means "a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." *Commonwealth v. Tyson*, 119 A.3d 353, 360 (Pa. Super. 2015) (*en banc*).

Instantly, upon reviewing the record, we conclude that the trial court did not abuse its discretion in determining that Appellant was prohibited under Rule 404(b) from introducing evidence of Minor Victim's prior bad acts, *i.e.*, wrong use of cell phone. Appellant's claim fails.[6]

---

[6] Appellant argues that his trial counsel was ineffective for failing to create a record—making an offer of proof—or to list additional reasons for why his testimony was relevant and admissible. *See* Pa.R.E. 103(a). As explained, *infra*, he must await collateral review to pursue, without prejudice, this issue. In his brief, Appellant points out that if the trial court had allowed him to testify, he would have stated:

- That in his parental capacity as [Minor Victim's] stepfather, he would monitor [Minor Victim's] cell phone use, in particular her use of social media, including Facebook, Instagram, Snapchat, and texting.

- That [he] did this in part because he was more familiar with the uses of social media than [Minor Victim's] mother.

- That when [he] found items of concern on social media on [Minor Victim's] cell phone, he would bring this to the attention of [Minor Victim's] mother.

- That [he] discovered through looking at [Minor Victim's] cell phone, that she was communicating with a young man known as T.B.R., whom [Minor Victim] met through her friend S.

- That Appellant found on [Minor Victim's] cell phone pictures of genitals purported to be those of T.B.R.

We next address Appellant's fourth issue concerning ineffective assistance of counsel. In this regard, Appellant contends that trial counsel was ineffective in failing to (1) develop a record for challenging the trial court's evidentiary rulings, set forth at issues 3 and 5, and (2) establish and exploit "numerous contradictions in [Minor Victim's] trial testimony." Appellant's Brief at 53.

In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed its prior holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the Post Conviction Relief Act. **Holmes**, 79 A.3d at 576. The Court explained in a later decision:

> We recently held in **Holmes** that claims of ineffective assistance of counsel litigated after our decision in **Grant** are not generally a proper component of a defendant's direct appeal. In **Holmes**, this Court reaffirmed the general rule of deferral established in **Grant**, and disapproved of expansion of the so-called **Bomar**[7] exception, which allowed for the presentation of ineffectiveness claims on

---

- That [Minor Victim] was permitted by her mother to visit over the weekend with her friend S. but when Appellant discovered that T.B.R. would be going with [Minor Victim] for this weekend, [Minor Victim] was not permitted to go and she was grounded; and

- That [Minor Victim] was angry with Appellant for checking her cell phone, her Facebook, her Snapchat accounts and was angry at him for sharing information with her mother and objecting to her activities with T.B.R.

Appellant's Brief at 58-59. As noted, we cannot consider these additional reasons at this juncture because they were not offered at trial.

[7] **Commonwealth v. Bomar**, 826 A.2d 831 (Pa. 2003).

direct appeal if the trial court held an evidentiary hearing and disposed of the ineffectiveness claims in its opinion. This Court in **Holmes** limited the **Bomar** exception to its pre-**Grant** facts. We further recognized two exceptions to the **Grant** deferral rule, both falling within the discretion of the trial court. First, we held that trial courts retain discretion, **in extraordinary circumstances**, to entertain a discrete claim of trial counsel ineffectiveness if the claim is both **apparent from the record and meritorious**, such that immediate consideration best serves the interest of justice. Second, we held that trial courts also have discretion to entertain prolix claims of ineffectiveness if there is a good cause shown and the unitary review thus permitted is accompanied by a **knowing and express waiver by the defendant** of the right to pursue a first PCRA petition.

**Commonwealth v. Arrington**, 86 A.d 831, 856-57 (Pa. 2014) (emphasis added). An example of "good cause" would be where the defendant is serving a sentence so short as to be deprived of an opportunity to seek collateral review of his or her conviction. **See Holmes**, 79 A.3d at 578 (noting that unitary review offers defendants who receive shorter prison sentences or probationary sentences the prospect of litigating their constitutional claims sounding in trial counsel ineffectiveness; for many of these defendants, post-appeal PCRA review may prove unavailable."); **see also** 42 Pa.C.S.A. § 9543(a)(1)(i). Before a trial court may permit such unitary review, the defendant's accompanying PCRA waiver must make clear and certain that any further collateral attack is subject to the PCRA's time-bar restrictions, as detailed in Section 9545(b). **Id.** at 579 (explaining that "the accompanying PCRA waiver must embrace more than exhaustion of the defendant's first PCRA petition, but instead must make clear that **any** further collateral attack

- 13 -

is subject to the time-bar restrictions of Section 9545(b).") (Emphasis in original).

Here, Appellant's claim fails for several reasons. At the core, Appellant seeks review of his PCRA claims because he vehemently disagrees with Minor Victim's credibility and the weight accorded to it by the jury. Appellant has not established the existence of any extraordinary circumstances or that his claim of ineffectiveness are both apparent from the record and meritorious. Indeed, Appellant has not established that his ineffectiveness claim is capable of being reviewed on the existing record. Appellant's ineffectiveness claim may require additional evidentiary hearings. Moreover, Appellant has not shown good cause to seek unitary review. The record is bereft of any indication that Appellant executed a knowing and express waiver of the right to pursue a first PCRA petition. Accordingly, under the circumstances of this case, the trial court did not abuse its discretion in concluding that Appellant must raise any ineffectiveness claims in a timely petition on collateral review.

Lastly, we address Appellant's challenge to the discretionary aspects of his sentence.[8] It is well-settled that "[t]he right to appeal a discretionary

_____

[8] When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record

aspect of sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. ***See Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001), ***appeal denied***, 796 A.2d 979 (Pa. 2002).

---

discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

***Commonwealth v. Bowen***, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting ***Commonwealth v. Cunningham***, 805 A.2d 566, 575 (Pa. Super. 2002)), ***appeal denied***, 64 A.3d 630 (Pa. 2013).

Here, Appellant has satisfied the first three requirements of the four-part *Moury* test. Appellant filed a timely appeal to this Court, preserved the issue on appeal through his post-sentence motions, and included a Pa.R.A.P. 2119(f) statement in his brief.[9] We, therefore, must determine only if Appellant's sentencing issues raise a substantial question.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), *appeal denied*, 964 A.2d 895 (Pa. 2009). "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013), *affirmed*, 125 A.3d 394 (Pa. 2015).

It is settled that this Court does not accept bald assertions of sentencing errors. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). When we examine an appellant's Rule 2119(f) statement to determine

_____

[9] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. Ahmad*, 961 A.2d 884, 886-87 (Pa. Super. 2008) (quoting *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005)). A Rule 2119(f) statement is inadequate when it "contains incantations of statutory provisions and pronouncements of conclusions of law[.]" *Commonwealth v. Bullock*, 868 A.2d 516, 528 (Pa. Super. 2005) (citation omitted).

Here, Appellant asserts in his Rule 2119(f) statement that (1) his sentence is excessive and "too harsh," because the trial court imposed consecutive sentences,[10] and (2) the court did not take into account mitigating factors, which he does not identify. Based on Appellant's 2119(f) statement, we conclude that he has failed to raise a substantial question. Appellant's excessiveness claim is premised on his argument that the trial court imposed consecutive sentences and failed to consider his mitigating circumstances. Specifically, Appellant claims that, because the trial court ordered his sentences to run consecutively, his aggregate sentence of 18 to 36 years in prison was excessive. We consistently have recognized that excessiveness

---

[10] Appellant does not argue that his sentences were inconsistent with the sentencing guidelines. Rather, he notes that because he is facing deportation to Mexico, he should have been sentenced only for rape of a child, which carried a 10-year mandatory minimum, and not for IDSI with a child (8 to 16 years).

claims premised on imposition of consecutive sentences do not raise a substantial question for our review. *See Commonwealth v. Caldwell*, 117 A.3d 763, 769 (Pa. Super. 2015) (*en banc*) (stating, "[a] court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question[.]"), *appeal denied*, 126 A.3d 1282 (Pa. 2015); *see also Commonwealth v. Ahmad*, 961 A.2d 884, 887 n.7 (Pa. Super. 2008); *Commonwealth v. Pass*, 914 A.2d 442, 446-47 (Pa. Super. 2006). Additionally, Appellant claims that the trial court failed to consider his mitigating circumstances, which he does not identify for us. In this regard, we have "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010)); *see also Commonwealth v. Berry*, 785 A.2d 994 (Pa. Super. 2001) (explaining allegation that sentencing court failed to consider certain mitigating factor generally does not raise a substantial question); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995) ("[a]n allegation that a sentencing [judge] 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate,"), *appeal denied*, 676 A.2d 1195 (Pa. 1996); *Commonwealth v. Bershad*, 693 A.2d 1303, 1309 (Pa. Super. 1997) (finding absence of substantial question where appellant argued the trial court failed to adequately consider mitigating factors and to impose an

individualized sentence).  Consistent with the foregoing cases, we conclude that Appellant failed to raise a substantial question with respect to his excessiveness claim premised on the imposition of consecutive sentences and claim for inadequate consideration to mitigating factors.

Even if we were to find a substantial question, Appellant still would not have been entitled to relief.  Where, as here, the sentencing court had the benefit of a presentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.  *See Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013) (citations and internal quotation marks omitted), *appeal denied*, 76 A.3d 538 (Pa. 2013).

Furthermore, as the trial court thoroughly explained:

[T]he sentence imposed was under the statutory maximum allowed by law.  Additionally, as statutorily required, this court stated on the record its reasons for the sentence imposed.  As set forth in 42 Pa. C.S.A. § 9721(b), the sentence in this case took into account "confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  As set forth in 42 Pa. C.S.A. § 9781(d), this court took into account (1) the nature and circumstances of the offense and the history and characteristics of Appellant; (2) the opportunity of the sentencing court to observe Appellant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the Commission.  This court was the trial judge in this jury trial and therefore heard and observed all of the testimony and evidence presented, including the testimony of the Minor Victim and Appellant.  This court also had the opportunity to observe Appellant throughout the trial.  This court reviewed and

considered the presentence investigation and the comments of counsel and Appellant during the sentencing hearing. This court also reviewed the report prepared by the Sexual Offender Assessment Board which opined the Appellant was a sexually violent predator. This court took into account the severity of the crime, that the rape and involuntary deviate sexual intercourse of a child under the age of 13 was ongoing for a number of years and involved at least 50 separate sexual assaults against Minor Victim. This court considered the gravity of the offense as it relates to the impact on the life of Minor Victim, specifically that Minor Victim has no contact with her immediate family, including her mother, who has sided with Appellant in this case and testified on his behalf and against Minor Victim. In essence, the Minor Victim has lost her immediate family as a result of the actions of Appellant. This court observed the testimony of Appellant at trial and took into account Appellant's comments during sentencing. [Appellant did not present any factors in favor of mitigation.] Through this court's observations of Appellant at trial and during the sentencing hearing, and through this court's review of the presentence investigation and Sexual Offender Assessment Board report, this court took into account the history and characteristics of Appellant and his rehabilitative needs.

. . . .

Appellant, a 25 to 26 year old man, who was the stepfather of Minor Victim and in a position of authority, vaginally and orally raped a child under the age of 13 at least 50 times over multiple years. It was this court's intention to impose separate consecutive sentences against Appellant based, in part, on the specific type of sexual assault Appellant committed against Minor Victim, wherein Appellant both vaginally and orally raped Minor Victim. Although Appellant sexually assaulted Minor Victim at least 50 times over multiple years, this Court structured a sentence based around the specific type of sexual assault Appellant committed on Minor Victim and not based on the total number of assaults. Therefore, this court's decision to impose consecutive sentences for the vaginal rape and oral rape of a child under the age of 13 is not manifestly excessive in light of the Appellant's criminal conduct in this case. Therefore, Appellant's challenges to the discretionary aspect of sentencing are meritless.

Trial Court Opinion, 1/3/20, at 10-12 (unnecessary capitalizations and footnote omitted). Discerning no abuse of discretion by the trial court, we would not disturb Appellant's sentences on appeal.

In sum, Appellant's first two issues challenging the weight and credibility determinations lack merit. The trial court did not abuse its discretion in excluding Minor Victim's mother from testifying that Minor Victim lies. Similarly, the court did not abuse its discretion in disallowing Appellant from testifying about his disciplining Minor Victim. Appellant's claim of ineffectiveness cannot be reviewed at this stage. Finally, his discretionary aspects of sentencing challenge fails for want of a substantial question.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2020